FLN J&C; 3/2000

Page 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                Case # 1:02CR38-001

**MAHMOUD ELDICK**

Defendant's Attorney:
Fred Haddad (Appointed)

_____

## THIRD AMENDED JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count 1, 2 of the Indictment on June 27, 2003.  Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 USC and 1347 and 2 | Healthcare Fraud | September 1, 2002 | One |
| 21 USC 841(a)(1) and 841 (b)(1)(C) | Dispensing Hydrocodone | September 1, 2002 | One |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.     -6416
Defendant's Date of Birth:    3/1960
Deft's U.S. Marshal No.:      20126-017          Date of Imposition of Sentence:
                                                 November 17, 2003
Defendant's Residence Address:
Crescent City, FL 32112
Defendant's Mailing Address:                     s/Maurice M. Paul
Same as above                                    _____
                                                 MAURICE M. PAUL, SENIOR
                                                 UNITED STATES DISTRICT JUDGE

                                                 June 1, 2005

FLN J&C; 3/2000                                                                                             Page 2

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **120 months as to count 1; 60 months as to count 2 each to run consecutive to each other**.

    The defendant is remanded to the custody of the United States Marshal. The defendant was denied bond and has remained in the custody of the U.S. Marshal until sentencing.

.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

MAHMOUD ELDICK          1:02CR38-001

FLN J&C; 3/2000 Page 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to counts 1, 2 to run concurrent with each other**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon

For offenses committed on or after September 13, 1994: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the Court or probation officer;

2. The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least 10 days prior** to any change in residence or employment, unless otherwise directed by the probation officer;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

MAHMOUD ELDICK         1:02CR38-001

FLN J&C; 3/2000                                                                                                                    Page 4

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall not own or possess a firearm, dangerous weapon or destructive device.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges, open additional lines of credit or sell any assets without the approval of the probation officer.

The defendant shall pay any unpaid restitution in monthly installments of not less than $500.00, to commence no later than three months after release from imprisonment.

The defendant shall participate in a program of mental health counseling and/or treatment, which may include in-patient treatment, as directed by the probation officer.

The defendant shall work at employment that has been approved by the probation officer, but said employment shall not be in anyway related to the medical field, and shall not involve the distribution of prescribed medications.

The defendant shall not assume or use any identify, for any reason or purpose, and must always use the name of Mahmoud Eldick.

The defendant shall not work in any business or profession involving the diagnosis and /or treatment of any medical or mental condition, disease, or defect, or prescribing any medication, wither prescription, DTC, or holopathic.

MAHMOUD ELDICK              1:02CR38-001

FLN J&C; 3/2000            Page 5

T

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| **$200.00** | | **$1,009,661.62** |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$200.00** is imposed.

No fine imposed.

## RESTITUTION

Restitution in the amount of **$1,009,661.62** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Aetna | $18,564.25 | $18,564.25 |

MAHMOUD ELDICK      1:02CR38-001

FLN J&C; 3/2000

| **Name of Payee** | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Allianz Life Insurance Company of North America | $70.70 | $70.70 |
| Melster Belcher | $8,782.32 | $8,782.32 |
| Blue Cross Blue Shield of South Carolina | $106,304.42 | $106,304.42 |
| Blue Cross Blue Shield of Florida | $92,721.31 | $92,721.31 |
| Blue Cross Blue Shield of California | $82,249.00 | $82,249.00 |
| Blue Cross Blue Shield of Iowa | $90.32 | $90.32 |
| Sharon Buck | $37,500.00 | $37,500.00 |
| Cigna | $30,652.38 | $30,652.38 |
| Blanche Engelson | $150.00 | $150.00 |
| First Coast Service Options, Inc. | $13,151.75 | $13,151.75 |
| GEHA, The Health Plan for Federal Employees | $1,630.86 | $1,630.86 |
| Nova Hays | $20.00 | $20.00 |
| Humana | $10.632.42 | $10.632.42 |
| Anita E. Kellogg | $1,254.96 | $1,254.96 |
| Gary A. Knight | $702.21 | $702.21 |
| Mail Handlers Benefit Plan | $8,541.70 | $8,541.70 |
| Jerry Mathes | $15,381.64 | $15,381.64 |
| Peggy McNaughton | $871.58 | $871.58 |
| M.J. Paulk | $170.00 | $170.00 |
| Preferred Health Systems | $810.17 | $810.17 |
| Progressive Insurance | $15,830.79 | $15,830.79 |
| Railroad Medicare | $2,232,86 | $2,232,86 |
| SeaBulk Offshore | $1,376.39 | $1,376.39 |
| Edward Schurley | $75.00 | $75.00 |

MAHMOUD ELDICK          1:02CR38-001

FLN J&C; 3/2000                                                                                                      Page 7

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Gerald Stilp | $352.37 | $352.37 |
| TRICARE | $51,906.69 | $51,906.69 |
| TriCenturion, LLC | $275,654.78 | $275,654.78 |
| United Point Health | $24,403.33 | $24,403.33 |
| U.S. Department of Defense | $4,059.50 | $4,059.50 |
| Well Point Health Networks | $82,249.00 | $82,249.00 |
| Colleen Whittaker | $900.00 | $900.00 |
| Cheryl Willacker | $3,250.00 | $3,250.00 |
| Emma Denson | $6,070.00 | $6,070.00 |

    If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise. If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

    The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

MAHMOUD ELDICK            1:02CR38-001

FLN J&C; 3/2000 Page 8

The Court has determined that the defendant does not have the ability to pay interest. It is **ORDERED** that: **SCHEDULE OF PAYMENTS**

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties in full immediately

in installments to commence 90 day(s) after release from imprisonment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision the U.S. probation office shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

In monthly installments of not less than $500.00 over a period of to commence after release from imprisonment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

## FORFEITURE

**The defendant's interest in the assets as set forth in the previously entered Preliminary Order of Forfeiture was and is forfeited.**

MAHMOUD ELDICK         1:02CR38-001