IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:02-cr-00038-MP

MAHMOUD ELDICK,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on claims under 21 U.S.C. § 853(n), filed by the defendant's brother, Moustafa Eldick, challenging the government's forfeiture of various assets as a result of the conviction of defendant. Both the government and Claimant Moustafa Eldick have moved for summary judgment, (the government at doc. 122, and Claimant at doc. 123). The parties have also jointly moved the Court (docs. 108 and 113) to defer any ruling on the admissibility of polygraph evidence until after the Court decides summary judgment. For the reasons which follow, the government's motion for summary judgment is granted and the Claimant's is denied.

The Preliminary Order of Forfeiture lists a total of 30 assets that are subject to forfeiture. (Doc. 66). Claimant Moustafa Eldick has filed a claim on asset numbers 1 through 23, most of which involve the false medical practice of Defendant Mahmoud Eldick. (Doc. 82) Claimant argues that his brother deceived him about whether he was a doctor and therefore the oral contract between the brothers was void. Since the contract between the Claimant and Mahmoud Eldick was void ab initio, Claimant argues, he is an innocent owner and entitled to judgment as a matter of law with respect to the determination that Claimant is the true owner of all money paid

to Community Rural Health and directly attributable to the services performed by the Claimant. As discussed more fully below, the Court rejects this argument, and finds that all assets are properly forfeited.

The Preliminary Order of Forfeiture was published on December 16, 23, and 30, 2003, and January 6, 2004, in the Palatka Daily News, a newspaper of general circulation. No claims have been filed as to asset numbers 24 through 30. There being no third party claims to be adjudicated, these assets should be ordered forfeited and disposed of according to law. The disposition of assets 1 through 23 is discussed below.

Asset #1, real property located at 126 South County Road 315, Interlachen, Putnam County, Florida, is one of the clinics that Defendant Mahmoud Eldick worked out of. (Ex. D, p. 82, Ex. F) This property was originally placed in Defendant Mahmoud Eldick's name. (Ex. F, H). While it was later purchased by Saadedine Aldick (Defendant Mahmoud Eldick's brother), the documentary stamps (.70¢) show that it, along with another property, were not arms length transactions. Id. Moreover, Saadedine Aldick has made no claim to any property in this proceeding. As noted above, the Claimant argues that Defendant Mahmoud Eldick purchased this asset using funds collected while the Defendant pretended to be a medical doctor. Claimant further argues that when Defendant collected payments fraudulently, the Defendant was in effect taking funds that should have been paid to Claimant. Thus, Claimant concludes, Claimant should be considered the rightful owner of the property, not Defendant. The Claimant offers no case law supporting this point, and the Court agrees with the government that even if Defendant breached some kind of contract with the Claimant, that would merely make the Claimant an unsecured creditor of the Defendant. Unsecured creditors do not have standing to challenge

forfeiture under 21 U.S.C. § 853(n).  U.S. v. Watkins, 320 F.3d 1279, 1283-84 (11th Cir. 2003). Because Claimant has no other argument to support his claim to this asset, his claim should be denied.

Likewise, Asset #4, real property located at 1419 Husson Avenue, Palatka, Florida, was originally placed in Defendant Mahmoud Eldick's name, and later deeded to Saadedine Aldick for no consideration on August 29, 2002. (Ex. B, p. 37, 38; Ex. F, I) The Court agrees that this was not an arms length transaction and Saadedine Aldick has made no claim to the property. Having been purchased by Defendant Mahmoud Eldick during the commission of his crimes, these properties should be forfeited as Claimant offers no argument for ownership other than the one rejected in the discussion of Asset #1.

Asset #2, real property located at 2179 Bass Capital Drive, Crescent City, was the marital residence of Defendant Mahmoud Eldick and his wife Rola. (Ex. F, Doc 74) The property was purchased on April 16, 1999, during the time period of Defendant Mahmoud Eldick's crimes, and placed in Rola's name. Id. On December 29, 2003, Rola filed a Letter Motion for Reconsideration and to Set Aside Forfeiture of Property located at 217 Bass Capital Drive, Crescent City, Florida, 32112 (Doc. 74) The government responded (Doc. 79) and the Court denied the motion on March 1, 2004. (Doc 85) Rola Eldick has not filed a claim other than the letter. There being no claim filed other than that of Claimant, and since the Claimant offers no argument for ownership other than the one rejected in the discussion of Asset #1, the marital home should be forfeited.

Asset #3 is real property located at 897 N. Summit St., Crescent City, Putnam County, Florida. This property was purchased by Defendant Mahmoud Eldick on July 15, 1999, during

the time he was committing the crimes he was convicted of. (Ex. F) Since the Claimant offers no argument for ownership other than the one rejected in the discussion of Asset #1, the property should be forfeited.

Assets # 5, 6, 7, and 8 are real properties known as: 304-A and 304-B Cypress Ave., Crescent City; Parcel Number 30-12-28-1750-0020-0032, Putnam County, Florida; real property located at 33 South Summit Street, Crescent City, Putnam County, Florida; and real property located at 40 South Prospect Street, Crescent City, Putnam County, Florida. These properties were purchased by ETRA Enterprises, Inc., on November 9, 2001. Id. Defendant Mahmoud Eldick is both a Director and President of this corporation. Id. Furthermore, the address for ETRA is 215 Bass Capital Drive, Crescent City, Florida, Defendant Mahmoud Eldick's marital address. Id. The Claimant has testified that he has no interest in the corporation at all. (See The Corporate Entity section and record citation above) Since no claim has been filed by any person or entity other than Claimant, and since the Claimant offers no argument for ownership other than the one rejected in the discussion of Asset #1, these parcels should be forfeited.

Assets # 9, 10, 11, 12, 13, 14, and 15 are: parcels of real property known as 315 Central Ave., Crescent City; 31 South Summit Street, Crescent City; 311 Central Ave., Crescent City; Parcel # 30-12-28-1750-0020-0041, Putnam County; 301 Central Ave., Crescent City; Parcel Number 30-12-28-1750-0020-0013; and 1 South Summit Street, Crescent City. According to the documentary stamps, these seven parcels were purchased by ETRA on October 26, 2001, for $150,000. (Ex. F) This is during the time period Defendant Mahmoud Eldick was committing the crimes he was convicted of. Other than Claimant's claim, no other claim has been filed on the parcels. Since Claimant offers no argument for ownership other than the one rejected in the

discussion of Asset #1, these properties should be forfeited.

Asset #16 is $192,530.62 in United States Currency. This currency was found in a safe located in Defendant Mahmoud Eldick's home during a consent search. (Doc. 49; Ex. B, p. 42) Defendant Mahmoud Eldick admitted that this money came from Community Pharmacy. Id. Claimant has admitted that he had no ownership or other interest in the pharmacy other than money he allegedly paid to pharmacy creditors to keep it open after Defendant Mahmoud Eldick's arrest. As discussed above, Claimant's voluntary payment at most makes him an unsecured creditor of Defendant and therefore does not satisfy the requirements of a third party under 21 U.S.C. 853(n)(6). Thus, the currency should be forfeited.

Assets # 17, 18 and 19 are bank accounts located at Mercantile Bank. Account #8600168841 was opened on August 14, 2002, in the name of Defendant Mahmoud Eldick and his wife, Rola. (Ex. F) Both are authorized to sign on the account. Id. Rola filed a claim on this account based on her receipt of $29,354.08 from an insurance company settlement on a vehicle owned by her that was involved in an accident. (Ex. A) The Federal Bureau of Investigation has advised that the government does not object to the Court awarding her $29,354.08 from this account with the balance being forfeited. Account #7600010165 (asset #18) is an account opened on March 25, 2002, in the name of Community Rural Health, Inc., Clinic Account. (Ex. F) The only authorized signature on the account is Defendant Mahmoud Eldick's. Claimant could not even write a check on the account. Id. While the corporate paperwork lists both Defendant Mahmoud Eldick and Claimant as directors until March 4, 2004, Claimant has testified that he was not aware of any involvement he had with that entity other than he worked there. (See record citations above) As such, since the Claimant offers no argument for ownership other than

*Case No: 1:02-cr-00038-MP*

the one rejected in the discussion of Asset #1, this account should be forfeited. Account # 7600010176 (Asset #19) was opened on March 25, 2002, in the name of Community Rural Health, Inc., Pharmacy Account. (Ex. F) Defendant Mahmoud Eldick is the only person authorized to sign on the account. Id. Claimant has testified he had nothing to do with the pharmacy.  Since the Claimant offers no argument for ownership other than the one rejected in the discussion of Asset #1, this account should be forfeited.

Assets 20 and 21 are accounts located at First Federal Bank of North Florida. (Ex. F) Account #0000185821 was opened in the name of Community Rural Health, Inc., Pharmacy Account. Id. The only person authorized to sign on it is Defendant Mahmoud Eldick. Id. Claimant has already disavowed any connection with the pharmacy. As such, and since the Claimant offers no argument for ownership other than the one rejected in the discussion of Asset #1, the account should be forfeited. Account #0000184279 was opened in the name of Community Rural Health, Inc. Id. The only person authorized to sign is Defendant Mahmoud Eldick. Id. Since the Claimant offers no argument for ownership other than the one rejected in the discussion of Asset #1, this account should be forfeited.

Assets 22 and 23 are Ameri-Trade accounts in the name of Defendant Mahmoud Eldick. The only person authorized to sign on the account is Defendant Mahmoud Eldick. Id. In one of the accounts, Defendant Mahmoud Eldick used the alias Mahmoud "Aldique." Since these are personal accounts of Defendant Mahmoud Eldick, and since the Claimant offers no argument for

ownership other than the one rejected in the discussion of Asset #1, these accounts should be forfeited.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motions to defer ruling, etc. (doc. 108 and 113) are granted to the extent that the Court has deferred ruling on the admissibility issues, and denied as moot based on the instant order.

Doc. 122, the Government's motion for summary judgment, is granted, and all 23 assets discussed above are declared properly forfeitable.

Doc. 123, the Claimant's motion for partial summary judgment, is denied.

**DONE AND ORDERED** this  *1st*   day of November, 2005

        *s/Maurice M. Paul*
        Maurice M. Paul, Senior District Judge