IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                     CASE NO. 1:02-cr-00038-MP-AK

MAHMOUD ELDICK,

    Defendant.

_____/

## O R D E R

This matter is before the Court on Doc. 203, Report and Recommendation of the Magistrate Judge, recommending that Defendant's motion under 28 U.S.C. § 2255 be denied. Defendant filed objections, Doc. 207, which the Court has reviewed. Defendant pled guilty to one count of fraudulently obtaining money from health care programs by filing claims falsely representing that he was a licensed physician in Florida and one count of dispensing hydrocodone. With regard to the hydrocodone count, the Indictment charged that Defendant dispensed "a quantity of hydrocodone, a Schedule III controlled substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)." Doc. 15. This was in error either because (1) hydrocodone was misidentified as a Schedule III controlled substance, when it should have been listed as a Schedule I or II substance, or (2) the penalty provision, which covers offenses involving Schedule I and II controlled substances, was wrong and should have been stated as § 841(b)(1)(D). The ambiguity was important because Defendant was looking at either a 5-year maximum sentence (if hydrocodone is a Schedule III substance) or a 20-year maximum sentence (if it is a Schedule I or II substance).

At the very beginning of the plea colloquy, the government orally moved to amend the

Indictment, changing the penalty provision citation from § 841(b)(1)(C) to § 841(b)(1)(D), meaning that Defendant faced only a five year statutory maximum.  During the hearing, but before the ultimate acceptance of the guilty plea, the Court repeatedly informed Defendant that the penalty he faced was only 5, not 20, years on Count Two.  Defendant repeatedly assured the Court that he understood.  He also knew he was facing a 5- year maximum sentence, and he went forward with the plea anyway. He clearly acknowledged during the hearing (1) that he knew the penalty for Count Two was 5 years, (2) that he had discussed that fact and also the pros and cons of going to trial with his counsel, and (3) that he knew that by pleading guilty he was giving up any defenses he might have to the charges. The law is well established that a "guilty plea means something. It is not an invitation to a continuing litigation dialogue between a criminal defendant and the court." *Murray v. United States*, 145 F.3d 1249, 1254 (11th Cir. 1998).

Defendant now argues that he did not know the maximum penalty was only five years, and that he would not have briefed the government if he had known he was facing only a five year sentence.  The Court finds this argument without merit.  First, he confessed to the crime immediately upon arrest, and second he was given multiple chances to inform the Court during the plea colloquy that he was somehow taken by surprise by the classification of the charge against him.  Thus, no harm has been shown by any actions of his counsel regarding the scheduling of hydrocodone.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.  Defendant's motion under 28 U.S.C. § 2255 is denied.

**DONE AND ORDERED** this  *23rd*   day of March, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge